OPINION
Appellant, Phase II Electronics, Inc., appeals a decision of the Warren Municipal Court in a contract case involving the sale of chrome wheels to appellee, Jerry Bradley, Jr. Appellee, a resident of Pennsylvania, traveled to Warren, Ohio, to purchase a set of new chrome wheels for his car. Appellant, a retail shop in the business of selling car stereos and wheels, sold appellee four wheels and installed them on appellee's car for the price of $785.84. It was apparent that the wheels stuck out more than two inches beyond the outer edge of the wheel wells.
On the following day, appellee notified appellant that the wheels were unacceptable because they were causing the tires to rub against the sheet metal surrounding the wheel wells. Additionally, the wheels were unlawful in appellee's home state of Pennsylvania. Appellant refused to give appellee a refund or exchange the wheels.
On March 28, 2001, appellee filed suit in the trial court and the matter was heard by a magistrate. The magistrate issued a decision on June 4, 2001, finding in favor of appellee in the amount of $636. No objections were filed by appellant. On June 20, 2001, the trial court adopted the magistrate's decision.
Appellant timely filed a notice of appeal and has now set forth one assignment of error. Appellant contends that the trial court erred by adopting the magistrate's report as it was erroneous as a matter of law.
Preliminarily, we note that a failure to timely object to a magistrate's decision constitutes a waiver of any issues involving factual findings. Thompson v. Thompson (Aug. 10, 2001), Portage App. No. 2000-P-0110, unreported, 2001 WL 901252, at *2. However, even if no objections are filed, a trial court must still determine whether any error of law or other defect exists on the face of the magistrate's decision before adopting it as its own. Civ.R. 53(E)(4)(a).
In the case sub judice, appellant claims that the trial court's decision is flawed as a matter of law because there is no authority for holding an Ohio store to have constructive knowledge of Pennsylvania laws. Clearly, this is a challenge to the legal conclusions of the magistrate's decision. Pursuant to Civ.R. 53(E)(4)(a), a trial court judge has a responsibility of examining a magistrate's decision to ensure that it does not contain errors of law. This would include perusing the document for misguided legal conclusions. Thus, appellant's failure to object to the magistrate's decision is, alone, not dispositive of the argument raised in its assignment of error.
A review of the magistrate's decision reveals that the basis of the decision was not that appellant had the duty to know of Pennsylvania laws but, rather, that the items purchased did not do what they were purchased to do. The magistrate's decision was based upon a breach of an implied warranty of fitness for a particular purpose. The contract was rescinded because the rubbing of the wheels on the wheel wells was an unsafe condition, and not one that appellee desired when he entered into the contract.
Based upon the foregoing analysis, appellant's sole assignment of error is without merit. The judgment of the trial court is hereby affirmed.
JUDGE JUDITH A. CHRISTLEY, O'NEILL, P.J., GRENDELL, J., concur.